UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Lester W. Kauffman, III, as Trustee   :  CASE NO.
of the Union Trowel Trades Benefit   :
Funds of Central Pennsylvania,       :
        Plaintiff            :  *Electronically Filed*
     v.                 :
                       :
Hi-Tech Flooring, Inc.       :
166 West Union Street      :
Kingston, PA  18704-3827   :
        Defendant       :

## COMPLAINT

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132 and 1145, 29 U.S.C. §185(a), and/or 28 U.S.C. §1331. The claims asserted herein are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.     Venue lies in this District under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

3.     Plaintiff, Union Trowel Trades Benefit Funds of Central Pennsylvania (hereinafter the "Health and Welfare Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator"

and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29

U.S.C. §§1102(a) and 1002(16) and (21).

4.      The Health and Welfare Fund is a "multiemployer plan," "employee

benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C.

§1002(37), (1) and (3), which is administered and has its principal place of busi-

ness in this District at 733 Firehouse Lane, Harrisburg, Dauphin County, Pennsyl-

vania 17111-4773.

5.      Plaintiff, Lester W. Kauffman, III, is a fiduciary of the Health and

Welfare Fund within the meaning of 29 U.S.C. §1002(21) with respect to the col-

lection of contributions due the Health and Welfare Fund and related matters, has a

business address at the address for the Health and Welfare Fund listed herein, and

is authorized to bring this action on behalf of all Trustees of the Health and Wel-

fare Fund.

6.      Defendant, Hi-Tech Flooring, Inc. (hereinafter "the Company"), is an

employer in an industry affecting commerce within the meaning of 29 U.S.C.

§152(2), (6) and (7) and 1002(5), (11) and (12), with a business office at the ad-

dress listed in the caption.  The Company does business with the Health and Wel-

fare Fund that is sufficient to create personal jurisdiction over the Company in this

District and a substantial part of the events or omissions giving rise to the claims

herein occurred from transactions with the Health and Welfare Fund's office in this District.

7.      At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement (hereinafter the "Agreement") between International Union of Bricklayers and Allied Craftworkers Local Union No. 5, Pennsylvania and the Tile & Marble Contractors Association of Lehigh Valley, Central and Northeastern Pennsylvania.

8.      The Company is subject to and has agreed to abide by the terms of the Amended and Restated Agreement and Declaration of Trust of the Health and Welfare Fund (the "Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the Health and Welfare Fund.

9.      Under the Agreement, Trust Agreement, plan documents of the Health and Welfare Fund and/or other documents, the Company agreed:

   a.      To make full and timely payment on a monthly basis, on or before the 15th day of each month, to the Fund as required by the Trust Agreement and plan documents;

b.      To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Agreement;

c.      To pay interest at the rate of One and One-half (1.5%) Percent of the delinquent amount due the Health and Welfare Fund;

d.      To pay liquidated damages in the amount of Twenty ($20.00) Dollars or Five (5%) Percent of the delinquent amount per month, whichever is greater, due the Health and Welfare Fund;

e.      To pay all costs of litigation, including attorneys' fees, expended by the Health and Welfare Fund to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above;

f.      To produce, upon request by the Health and Welfare Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Health and Welfare Fund and to determine the correctness of the Company's contributions to the Health and Welfare Fund; and

g.      To pay all costs of the audit of the Company's records concerning its obligations to the Health and Welfare Fund and to determine the correctness of the Company's contributions to the Health and Welfare Fund.

**COUNT I – CONTRIBUTIONS UNDER ERISA**

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades
Benefit Funds of Central Pennsylvania v. Hi-Tech Flooring, Inc.

10.     The allegations of Paragraphs 1 through 9 above are incorporated by reference as if fully restated.

11.     On November 30, 2017, the Health and Welfare Fund's auditor, Calibre CPA Group, PLLC ("Calibre"), audited the books and records of the Company covering the period of January, 2014 to December, 2016.

12.     Based on the books and records provided by the Company to Calibre, Calibre determined that the Company has failed to pay all amounts due the Health and Welfare Fund under the Agreement, Trust Agreement and plan documents for the period of January, 2014 through December, 2016, in at least the sum of $2,408.00, in violation of 29 U.S.C. §1145.

13.     Pursuant to the provisions of the Agreement, Trust Agreement and plan documents, liquidated damages and interest in the amount of $1,590.46 are due from the Company on account of the delinquent contributions relating to the audit for the period of January, 2014 through December, 2016.

14.    The Health and Welfare Fund is adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiff demands judgment against the Company as follows:

a.    For contributions due to the Health and Welfare Fund for the months of January, 2014 through December, 2016 in at least the sum of $2,408.00, plus any additional contributions due since the filing of this action;

b.    For liquidated damages and interest due the Health and Welfare Fund in the amount of $1,590.46 on account of the untimely payment of contributions for the months of January, 2014 through December, 2016, plus any additional liquidated damages and interest due since the filing of this suit;

c.    For costs incurred in this action or the collection or enforcement of any judgment as provided under the Trust Agreement, plan documents of the Health and Welfare Fund and 29 U.S.C. §1132(g)(2), including filing fees in the amount of $400.00, and service fees in the amount of $137.50; and

d.    For reasonable attorneys' fees incurred in this action; and

e.       For such other legal or equitable relief as the Court deems ap-

propriate.

### COUNT II – CONTRIBUTIONS UNDER COLLECTIVE BARGAINING AGREEMENTS

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades
Benefit Funds of Central Pennsylvania v. Hi-Tech Flooring, Inc.

15.      The allegations of Paragraphs 1 through 14 above are incorporated by

reference as if fully restated.

16.      On November 30, 2017, the Health and Welfare Fund's auditor, Cali-

bre CPA Group, PLLC ("Calibre"), audited the books and records of the Company

covering the period of January, 2014 to December, 2016.

17.      The Company has not paid contributions to the Health and Welfare

Fund as required by the Agreement and other documents incorporated by the

Agreement, such as the Trust Agreement or plan documents of the Health and

Welfare Fund.

18.      Based on the books and records provided by the Company to Calibre,

Calibre determined that the Company has failed to pay all amounts due the Health

and Welfare Fund under the Agreement, Trust Agreements and plan documents for

the period of January, 2014 through December, 2016, in at least the sum of

$2,408.00.

19.     Pursuant to the provisions of the Agreement, Trust Agreement and plan documents, liquidated damages and interest in the amount of $1,590.46 are due from the Company on account of the delinquent contributions relating to the audit for the period of January, 2014 through December, 2016.

20.     Plaintiff has been damaged by the Company as a proximate result of the Company's breach of the Agreement and/or its incorporated documents.

WHEREFORE, Plaintiff demands judgment against the Company as follows:

a.     For contributions due to Plaintiff, for the benefit of the Health and Welfare Fund, for the months of January, 2014 through December, 2016 in at least the sum of $2,408.00, plus any additional contributions due since the filing of this action;

b.     For liquidated damages and interest due in the amount of $1,590.46 on account of the untimely payment of contributions for the months of January, 2014 through December, 2016, plus any additional liquidated damages and interest due since the filing of this suit;

c.     For costs incurred in this action or the collection or enforcement of any judgment as provided under the Agreement and Trust Agree-

ment, including filing fees in the amount of $400.00, and service fees in the

amount of $137.50;

      d.     For reasonable attorneys' fees incurred in this action; and

      e.     For such other legal or equitable relief as the Court deems ap-

propriate.

> Respectfully submitted,
> CHARLES W. JOHNSTON, P.C.
> 101 Erford Road, Suite 302
> Post Office Box 98
> Camp Hill, Pennsylvania 17001-0098
> Telephone: (717) 975-5500
> Facsimile: (717) 975-5511
>
> /s/ CHARLES W. JOHNSTON
> Pa. I.D. No. 15621
> e-mail: cjohnston@jadlegal.com
>
> *Attorneys for Plaintiff*

Dated:     July 27, 2018